**The STATE of Ohio, Appellee,**

**v.**

**COSSIN, Appellant.**

[Cite as *State v. Cossin* (1996), 110 Ohio App.3d 79.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 95CA1679.

Decided March 27, 1996.

*Michael R. Huff,* Athens County Assistant Prosecuting Attorney, for appellee.

*Gwinn & Wallace* and *James A. Wallace,* for appellant.

---

HARSHA, Judge.

Rex A. Cossin appeals from a judgment of the Athens County Court of Common Pleas which revoked his probation and reimposed the balance of his underlying sentence of incarceration in prison. Appellant assigns the following error for our review:

"The trial court erred in revoking defendant's probation, as there was no admissible evidence presented that defendant had violated the terms of his probation."

Appellant pled guilty to an amended two-count indictment charging him with burglary and vandalism. The offenses were merged for purposes of sentencing and appellant was sentenced to an indefinite term of five to fifteen years in the Correctional Reception Center in Orient, Ohio.

Appellant subsequently was granted shock probation and was transferred to the Southeastern Ohio Probation Alternative ("SEPTA") Center for completion of a rehabilitation program. The terms of his probation also prohibited the possession or use of any narcotic drug or other controlled substance.

A month or so later, the state filed a motion to revoke appellant's probation because he had allegedly used an illegal substance, *i.e.,* marijuana, and because he had been terminated from the SEPTA Center program after testing positive for and admitting to using marijuana in the center, in violation of the terms of his probation.

At the probation revocation hearing, Robert Daugherty, the Supervisor of Corrections at the SEPTA Center, testified on behalf of the state. Daugherty attempted to testify about the results of a drug screening test that had been performed on appellant and about certain admissions appellant made to Daugherty that he had used marijuana at the SEPTA Center. Appellant's counsel objected to Daugherty's testimony because the scientific reliability of the drug testing was not established and because appellant had not been given his *Miranda* warnings prior to making these alleged statements. The trial court reserved ruling on the admissibility of the drug screening test and appellant's admissions.

The trial court subsequently held appellant's statements to Daugherty admissible because appellant was not entitled to *Miranda* warnings under the circumstances. The trial court reasoned that Daugherty was not required to administer

*Miranda* warnings to appellant because the proceeding concerned appellant's alleged violation of probation and was not a new criminal prosecution, Daugherty was not acting as a law enforcement officer, and appellant was not in custody at the time of the questioning. The trial court further found, based upon appellant's admissions, that the state had demonstrated probable cause that appellant had violated the terms of his probation by using illegal drugs in the SEPTA Center and that SEPTA had lawful grounds for terminating appellant unsuccessfully from its program. The trial court did not reach the issue of the admissibility of the results of the drug screening test.

Following a sentencing hearing, the trial court revoked defendant's probation and reimposed the balance of his underlying sentence. Appellant filed a timely notice of appeal.

In his sole assignment of error, appellant contends that the trial court erred in revoking his probation because the statements upon which the trial court based its decision were inadmissible. While we agree with the appellee that the Rules of Evidence do not apply to probation revocation proceedings, see Evid.R. 101(C)(3) and *State v. Hylton* (1991), 75 Ohio App.3d 778, 600 N.E.2d 821, evidentiary questions which fall within due process rights certainly are subject to constitutional analysis on appeal. *Id.* We believe that the question of whether *Miranda* warnings must be given to a probationer in order to use admissions in a probation revocation proceeding presents a question of law which we review *de novo.*

Appellant argues that any statements obtained by Daugherty through questioning appellant should not have been admitted absent the proper *Miranda* warnings. He contends that he was in custody during the questioning because his movements were being controlled and his freedom was being limited. He also argues that Daugherty should be deemed to be a law enforcement officer for *Miranda* purposes because he was a person in a position of authority in a correctional institution and was viewed as "the law" from appellant's standpoint. Appellant argues that without the statements, there is no evidence to indicate that he had been appropriately terminated from the SEPTA program or that he had violated the general terms of probation. Appellee argues that Daugherty was not required to get a waiver of appellant's *Miranda* rights and, furthermore, the evidence of the drug screening test is admissible and is sufficient evidence to revoke appellant's probation.

Appellant's admissions to Daugherty of his marijuana use at the center were used solely in conjunction with his probation revocation hearing. A probationer may be required to discuss matters affecting his probationary status. When statements are used solely for subsequent revocation proceedings, *Mi-*

*randa* warnings are not required. See *State v. Ferguson* (1991), 72 Ohio App.3d 714, 716–717, 595 N.E.2d 1011, 1012–1014, which states:

" 'Just as there is no right to a jury trial before probation may be revoked, neither is the privilege against compelled self-incrimination available to a probationer. * * *

" 'Our cases indicate, moreover, that a State may validly insist on answers to even incriminating questions and hence sensibly administer its probation system, as long as it recognizes that the required answers may not be used in a criminal proceeding and thus eliminates the threat of incrimination. Under such circumstances, a probationer's "right to immunity as a result of his compelled testimony would not be at stake," [citations omitted], and nothing in the Federal Constitution would prevent a State from revoking probation for a refusal to answer that violated an express condition of probation or from using the probationer's silence as "one of a number of factors to be considered by the finder of fact" in deciding whether other conditions of probation have been violated. [Citations omitted].' *Minnesota v. Murphy* (1984), 465 U.S. 420, 435, 104 S.Ct. 1136, 1146–1147, 79 L.Ed.2d 409, 425, fn. 7."

■ One of the conditions of appellant's shock probation was not to possess or use narcotics or any other controlled substance. He was also ordered to successfully complete the SEPTA Center program. Daugherty's interrogation was for the purposes of administering the terms of the program and appellant's probation; appellant was not indicted on additional criminal charges as a result of his conversations with Daugherty. Under these circumstances, as articulated by the United States Supreme Court in *Murphy,* the privilege against compelled self-incrimination does not exist and, therefore, there is no requirement that a *Miranda* warning be given in order for appellant's admissions to be admitted at a probation revocation hearing. *Ferguson, supra,* 72 Ohio App.3d at 717, 595 N.E.2d at 1013–1014. Thus, the trial court was correct in its legal conclusion that *Miranda* was not applicable to the statements made by appellant and introduced as evidence of his probation violation. Because the admissions contained in appellant's statements provided substantial evidence that appellant had violated the terms of his probation, see *Hylton, supra,* we also agree that the trial court did not have to address the issues concerning the drug testing.

Accordingly, appellant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

STEPHENSON and KLINE, JJ., concur.